

July 27, 2022



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 07/29/2022

**MEMO ENDORSED**

*VIA ECF*

Hon. Valerie E. Caproni
United States District Judge
40 Foley Square, Courtroom 443
New York, NY 10007

      Re:    *P.M. v. Joyce*, No. 1:22-cv-6321-VEC

Dear Judge Caproni,

We represent Petitioner P.M. in his petition for a writ of habeas corpus filed on July 25, 2022, and currently pending before this Court. We respectfully move the Court to grant leave to file one additional exhibit in support of the petition under seal: Exhibit D, a psychological evaluation of P.M. David Farber, counsel for Respondents, consents to sealing.

In assessing whether to grant a motion to file under seal, the Court must determine the weight of the presumption of access to information and subsequently balance competing considerations against it, including the "privacy interests of those resisting disclosure." *United States v. Amodeo ("Amodeo II")*, 71 F.3d 1044, 1050 (2d Cir. 1995). The request should be narrowly tailored to serve the purpose justifying the sealing. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).

There is good cause to grant leave to file this exhibit under seal. The psychological evaluation contains twelve pages of highly sensitive personal and medical information in narrative form about P.M. from Diana Franco, a licensed clinical social worker. The evaluation also includes P.M.'s mental health diagnoses and treatment recommendations. This Court recognizes "medical records" as well as "treatment and diagnosis" as categories of information that should be considered for redaction. ECF Rules & Instructions 21.4 (May 2, 2022 Edition); *United States v. Martoma*, No. S1-12-CR-973 (PGG), 2014 WL 164181, at *6 (S.D.N.Y. Jan. 9, 2014) (acknowledging that courts "grant the greatest protection" to medical, health-related, family, and personal financial information). While the habeas petition itself discloses the nature of the medical diagnoses and a general summary of symptoms and manifestations of these diagnoses, this evaluation covers in detail the personal and medical information relevant to his psychological assessment and ultimate diagnoses, such that the exhibit should be filed under seal and shielded from public view.

The psychological evaluation also includes a narrative description of information related to P.M.'s asylum claim, which could expose him to further persecution in the future should he be removed. Immigration regulations also support the view that information related to asylum claims should be protected from public disclosure. *See* 8 C.F.R. § 1208.6; *see also Kharis v. Sessions*, No. 18-CV-04800-JST, 2018 WL 5809432, at *2-3 (N.D. Cal. Nov. 6, 2018).

Although the presumption of public access to information is strong, the highly sensitive and personal nature of the information outweighs that presumption in this case. Petitioner P.M. respectfully requests that the Court grant leave to file the aforementioned exhibit under seal.

Thank you for your consideration of this submission.

Respectfully submitted,

*/s/ Jessica Swensen*
Jessica Swensen
Kshithij Shrinath
THE BRONX DEFENDERS
360 East 161st Street
Bronx, New York, 10451

Application GRANTED.

SO ORDERED.

07/29/2022

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE