USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 03/08/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
P.M., :
 :
 :
 Petitioner, :
 -against- :
 :
 :
WILLIAM P. JOYCE, in his official capacity as : 22-CV-6321 (VEC)
Acting Field Officer Director, New York Field :
Office, U.S. Immigration & Customs Enforcement; : OPINION AND ORDER
ALEJANDRO MAYORKAS, in his official :
capacity as Secretary, U.S. Department of :
Homeland Security; and MERRICK GARLAND, :
in his official capacity as Attorney General, U.S. :
Department of Justice. :
 :
 Respondents. :
------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

Petitioner P.M.[1] seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241, on the grounds that the Government has violated the Fifth Amendment and the Administrative Procedures Act ("APA") by detaining him for more than eighteen months without a constitutionally-adequate bond hearing.  Pet., Dkt. 1.  Petitioner seeks a new bond hearing during which the Government bears the burden to prove, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight.  *Id.* at 33.  The Government opposes the petition.  Gov. Opp., Dkt. 17.  For the following reasons, P.M.'s petition is

---

[1] On July 29, 2022, the Court granted Petitioner leave to proceed anonymously using his initials. *See* Order, Dkt. 11.  P.M. claimed fear of further harassment while in detention or upon deportation if his sexual orientation were publicly disclosed and that public disclosure of removal proceedings would pose a danger to his safety.  Pet. Mem., Dkt. 5 at 3–4.

1

GRANTED in part; the Government must promptly provide P.M. a new bond hearing at which it bears the burden of proof.

## BACKGROUND

P.M. is a 26-year-old citizen of El Salvador who has been undergoing removal proceedings since August 2021. Pet. ¶¶ 5, 24; Pet. Ex. 1 ("Corral Decl."), Dkt. 1 ¶ 3; Morrow Decl., Dkt. 18 ¶¶ 4, 14. P.M. has been arrested multiple times, but he has only two convictions: burglary and possession of a controlled substance. Pet. ¶ 22; Gov. Opp. Ex. 6, Dkt. 20 at 9, 15. P.M. was sentenced on those charges to a term of imprisonment of approximately seven months, which he has since served. Corral Decl. ¶ 16; Morrow Decl. ¶¶ 8, 13.

On August 6, 2021, Immigration and Customs Enforcement ("ICE") detained P.M. and charged him with unlawfully entering the United States. Corral Decl. ¶ 3; Morrow Decl. ¶ 14. On September 9, 2021, the Immigration Judge ("IJ") sustained the charge of removability. Corral Decl. ¶ 13; Morrow Decl. ¶ 18. P.M. subsequently filed an application for asylum, withholding of removal, and for protection under the Convention Against Torture. Pet. ¶ 27. P.M. has now been detained by the immigration authorities for more than eighteen months. *See* Corral Decl. ¶ 3.

On October 19, 2021, P.M. requested a bond hearing. Pet. ¶ 28. On October 27, 2021, the IJ held a bond hearing during which she placed the burden of proof on P.M. to prove that he was neither a flight risk nor a danger to the community. *Id.* ¶ 29; Corral Decl. ¶ 17. During the hearing, P.M. submitted, *inter alia*, letters of support from his mother and sister, a letter from a social worker setting forth a release plan for P.M., including addiction treatment, and a copy of P.M.'s asylum application. Corral Decl. ¶ 15. In response, the Government cited P.M.'s arrest

record and relied on P.M.'s burglary conviction as evidence of his dangerousness. Gov. Opp. Ex. 7 ("Hearing Tr."), Dkt. 20 at 10–11.

Upon reviewing the record, the IJ concluded that P.M. had not met his burden of proof to show he is not a danger to the community. Hearing Tr. at 17. The IJ highlighted the seriousness of the burglary conviction, P.M.'s past failure to address his substance abuse problem, and the number, frequency, and recency of P.M.'s arrests. Hearing Tr. at 17–18. P.M. reserved but did not seek appeal to the BIA.[2] *Id*. at 18; Morrow Decl. ¶ 21.

In November 2021, the IJ denied P.M.'s request for asylum and other forms of relief.[3] Corral Decl. ¶ 18; Morrow Decl. ¶ 22. The IJ found that P.M. had not proven that he was entitled to an exemption from the one-year deadline for filing an asylum application. Gov. Opp. Ex. 8, Dkt. 20 at 2–3.

P.M. appealed the order of removal. Corral Decl. ¶ 19; Morrow Decl. ¶ 23. On May 18, 2022, the Board of Immigration Appeals ("BIA") dismissed P.M.'s appeal and ordered P.M.'s removal to El Salvador. Corral Decl. ¶ 20; Morrow Decl. ¶ 26. P.M. appealed to the Second Circuit and moved to stay removal. Corral Decl. ¶ 21; Morrow Decl. ¶ 28. The parties

---

[2] P.M.'s failure to appeal the denial of bond does not preclude him from seeking a writ of habeas corpus for the unconstitutional deprivation of a bond hearing at which the Government bears the burden of proof; any such appeal to the BIA clearly would have been futile. *See Beharry v. Ashcroft*, 329 F.3d 51, 62 (2d Cir. 2003) (noting that exhaustion may be excused when, *inter alia*, appeal to the BIA would be futile and when the plaintiff raises a substantial constitutional question). The BIA has repeatedly affirmed its position that detainees bear the burden of proof during a bond hearing pursuant to section 1226(a). *See, e.g.*, *Rodriguez v. Decker*, No. 20-CV-4118, 2020 WL 3618990, at *1 (S.D.N.Y. June 30, 2020); *Velasco Lopez v. Decker*, No. 19-CV-2912, 2019 WL 2655806, at *3 (S.D.N.Y. May 15, 2019), *aff'd*, 978 F.3d 842 (2d Cir. 2020).

[3] During the asylum hearing, P.M. testified that he fears persecution if he were to return to El Salvador. He also detailed his family's history of being threatened with physical violence by gangs and the persecution of gay and bisexual men that he witnessed in El Salvador. Pet. Ex. 1 ("Corral Decl."), Dkt. 1 ¶ 30. The IJ found that P.M.'s recent diagnosis of PTSD did not constitute an "extraordinary circumstance" that warranted an exemption from the one-year deadline for filing an asylum application and that P.M. had not provided adequate corroborative evidence of his fear of persecution. Gov. Opp. Ex. 8, Dkt. 20 at 3, 5, 8–9.

subsequently stipulated that P.M. is being detained pursuant to 8 U.S.C. § 1226(a),[4] and the Second Circuit remanded P.M.'s case to the BIA. Letter, Dkt. 27; *P.M. v. Garland*, No. 22-6269, Dkt. 28 (2d Cir. Dec. 21, 2022).

On July 25, 2022, while his appeal to the Second Circuit was still pending, P.M. petitioned this Court for a writ of habeas corpus. *See* Pet. P.M. alleges he is being detained without having been provided a constitutionally-adequate bond hearing in violation of the Due Process Clause of the Fifth Amendment and the Administrative Procedures Act. *Id.* ¶ 2. P.M. also alleges that his detention has been prolonged without being justified on an individual basis in violation of his due process rights under the Fifth Amendment. *Id.* ¶ 3.

## DISCUSSION

**I.  Legal Standard**

The Due Process Clause of the Fifth Amendment prevents the Government from depriving any person of "life, liberty, or property, without due process of law." U.S. Const. amend. V. "Freedom from imprisonment — from government custody, detention, or other forms of physical restraint — lies at the heart of the liberty that Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001); *see also Addington v. Texas*, 441 U.S. 418, 425 (1979) ("This Court repeatedly has recognized that civil commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection.").

Moreover, "due process places a heightened burden of proof on the State in civil proceedings in which the individual interests at stake are both particularly important and more substantial than mere loss of money." *Cooper v. Oklahoma*, 517 U.S. 348, 363 (1996) (cleaned

---

[4] The Government had previously argued that P.M. was being detained pursuant to 8 U.S.C. § 1231(a) and that, accordingly, P.M. was not entitled to a bond hearing before an immigration judge. Gov. Opp., Dkt. 20 at 8–10.

up); *see also Kansas v. Hendricks*, 521 U.S. 346, 353–56 (1997) (holding that a civil commitment statute satisfied the Due Process Clause in part because it "plac[ed] the burden of proof upon the State"). It is well established that the procedural protections required by the Fifth Amendment extend to noncitizens, including in removal proceedings. *Zadvydas*, 533 U.S. at 693 ("[T]he Due Process clause applies to all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent." (citation omitted)); *Reno v. Flores*, 507 U.S. 292, 306 (1993) ("It is well established that the Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings." (citation omitted)).

## II.   The Government Must Bear the Burden of Proof at P.M.'s Bond Hearing

Courts within this District have consistently held that the Due Process Clause requires the Government to bear the burden of proof in removal proceedings brought pursuant to 8 U.S.C. § 1226(a), particularly once the detention has been prolonged.[5] *See, e.g., Banegas v. Decker*, No. 21-CV-2359, 2021 WL 1852000, at *3 (S.D.N.Y. May 7, 2021); *Quintanilla v. Decker*, No. 21-CV-417, 2021 WL 707062, at *3 (S.D.N.Y. Feb. 22, 2021) (collecting cases); *Rodriguez*, 2020 WL 3618990, at *2. "[W]here . . . the Government seeks to detain a noncitizen pending removal pursuant to § 1226(a), the . . . [principles of the] Due Process Clause require[] the Government to bear the burden of proving, by clear and convincing evidence, that such detention is justified." *Banegas*, 2021 WL 1852000, at *2.

Although the Second Circuit in *Velasco Lopez v. Decker*, 978 F.3d 842 (2d Cir. 2020), declined to create a "bright-line rule for when due process entitles an individual detained under § 1226(a) to a new bond hearing with a shifted burden," *id*. at 855 n.13, "neither . . . *Velasco*

---

[5]   Indeed, the Government concedes that this Court's holding in *Banegas v. Decker*, No. 21-CV-2359, 2021 WL 1852000, at *3 (S.D.N.Y. May 7, 2021), would "control the result in this case." Gov. Opp. at 19 n.7.

*Lopez* nor any other binding appellate authority overrules the 'overwhelming consensus' of courts in this District that the Due Process Clause of the Fifth Amendment requires the Government to bear the burden to justify continued detention of a noncitizen who is detained pursuant to § 1226(a), even absent 'prolonged detention,'" [6] *Banegas*, 2021 WL 1852000, at *3. *See also Jimenez v. Decker*, No. 21-CV-880, 2021 WL 826752, at *8 (S.D.N.Y. Mar. 3, 2021); *Quintanilla*, 2021 WL 707062, at *3.

Notwithstanding the clear precedent, the Government unpersuasively argues that the IJ properly placed the burden on P.M. during the initial bond hearing. First, the Government states that section 1226(a) does not provide a noncitizen with the right to be released on bond, and, as a result, the BIA and the Attorney General have exercised their discretion to place the burden of proof on the noncitizen. Gov. Opp. at 20. The Attorney General's exercise of discretion is, of course, limited by the United States Constitution, and the principles of the Due Process Clause require the Government to bear the burden during a bond hearing for petitioners detained pursuant to section 1226(a). *See Banegas*, 2021 WL 1852000, at *2.

Second, the Government argues that pursuant to the factors set forth in *Mathews v. Eldridge*, 424 U.S. 319 (1976), the Due Process Clause does not require a new bond hearing during which the Government bears the burden of proof because the existing procedural protections are adequate. Gov. Opp. at 22–23. In *Velasco Lopez*, however, the Second Circuit

---

[6] The Courts of Appeals are split as to whether due process requires a new bond hearing with shifted burdens after a "prolonged detention." *Compare Velasco Lopez v. Decker*, 980 F.3d 842, 855 (2d Cir. 2020) (holding that the Government must bear the burden of proof in § 1226(a) bond hearings) *and Hernandez-Lara v. Lyons*, 10 F.4th 19, 30, 39 (1st Cir. 2021) (same) *with Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 277 (3d Cir. 2018) (the Government need not bear the burden of proof in § 1226(a) bond hearings), *Miranda v. Garland*, 34 F.4th 338, 362–64 (4th Cir. 2022) (same), *and Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1213 (9th Cir. 2022) (same). The Supreme Court has not directly addressed this issue. *See Jennings v. Rodriguez*, 138 S. Ct. 830, 847–48 (2018) (holding that due process does not require a new bond hearing every six months under § 1226(a) while declining to address what protections are constitutionally mandated).

found that the *Mathews* factors required the Government to provide the detainee a new bond hearing during which it bore the burden of proof. *See Velasco Lopez*, 978 F.3d at 851–55. Courts in this district applying *Velasco Lopez* have consistently found that the *Mathews* factors require the Government to provide detainees a new bond hearing in which it bears the burden of proof once detention has become prolonged. *See, e.g.*, *Huanga v. Decker*, 599 F. Supp. 3d 131, 140 (S.D.N.Y. 2022) (collecting cases); *Jimenez*, 2021 WL 826752, at *11.

The first *Mathews* factor looks to "the private interests that will be affected by the official action." *Mathews*, 424 U.S. at 335. P.M.'s interest affected by ICE is the "most significant liberty interest there is — the interest in being free from imprisonment." *Velasco Lopez*, 978 F.3d at 851 (citation omitted). P.M. has been detained for a "prolonged period" of more than eighteen months — three months longer than the petitioner in *Velasco Lopez* — "without an end in sight or a determination that he [is] a danger or flight risk."[7] *Velasco Lopez*, 978 F.3d at 855; *see also id*. at 851. This is more than "ten times longer than the length of detention under § 1226(c) in the vast majority of cases." *Id*. at 852 (noting that roughly 85% of cases brought pursuant to § 1226(c) are resolved within six weeks); *see Zadvydas*, 533 U.S. at 701 (holding that a presumptively constitutional period of post-removal detention does not exceed six months).

As long as he is detained, P.M. cannot maintain employment, see his family or friends outside visiting hours, use a cell phone, or access the internet. *See Velasco Lopez*, 978 F.3d at 851–52. "[O]n any calculus," the deprivations that P.M. has experienced in detention are

---

[7] The Government argues that, because the Second Circuit remanded P.M.'s removal proceedings to the BIA, the resolution of P.M.'s removal proceedings is theoretically more proximate and "whatever avenues [P.M.] deems appropriate to prevent his removal," including appeal, are "self-inflicted wound[s]." Gov. Opp. at 18. The Government's position would effectively force detainees to "trade-off" their right to seek judicial relief from removal "lest the delay be held against them in § 1226(a) detention relief proceedings." *See Jimenez v. Decker*, No. 21-CV-880, 2021 WL 826752, at *7 (S.D.N.Y. Mar. 3, 2021). This Court is unwilling to require that trade off.

"substantial." *Id.* at 851; *see also, e.g.*, *Arana v. Decker*, No. 20-CV-4104, 2020 WL 7342833, at *7 (S.D.N.Y. Dec. 14, 2020) (ordering a new bond hearing when petitioner had been detained for nine months); *Gonzalez Evangelista v. Decker*, 20-CV-8758, 2021 WL 101201, at *4 (S.D.N.Y. Jan 12, 2021) (ordering a new bond hearing when petitioner had been detained for eleven months); *Jimenez*, 2021 WL 826752, at *9 (ordering a new bond hearing when petitioner had been detained for twelve months).

The second *Mathews* factor looks to "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards." *Mathews*, 424 U.S. at 335. There is a risk of erroneous deprivation when the burden of proof lies with the detainee, who is required to prove a negative when access to information relevant to the burden may lie with the Government. *See Velasco Lopez*, 978 F.3d at 852–53; *see also Linares Martinez v. Decker*, No. 18-CV-6527, 2018 WL 5023946, at *3 (S.D.N.Y. Oct. 17, 2018) ("[T]he Government is generally in a better position than a detained [person] to gather and present evidence relevant to the bond determination."). A new bond hearing at which the Government bears the burden to justify detention would mitigate this risk. *See Velasco Lopez*, 978 F.3d at 854.

The Government argues that P.M.'s detention has been "accompanied by sufficient procedural safeguards," such as an initial custody determination by ICE, a bond hearing before the IJ, and an administrative appeal to the BIA. Gov. Opp. at 21. Procedural due process requires, however, an opportunity to be heard "at a *meaningful* time and in a *meaningful* manner." *Mathews*, 424 U.S. at 333 (emphasis added). The Government fails to explain how these procedural steps serve as meaningful opportunity for a fair bond determination. *See Quintanilla*, 2012 WL 70062, at *2 (noting that a BIA appeal would be futile because there is no

8

indication that the BIA is willing to place the burden on the government during a § 1226(a) bond hearing).[8]

The third *Mathews* factor looks to "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews*, 424 U.S. at 335. The Government has not articulated any interest in its prolonged detention of P.M. "While the Government's interest may have initially outweighed short-term deprivation of [Petitioner]'s liberty interest, that balance shifted once his imprisonment became unduly prolonged." *Velasco Lopez*, 978 F.3d at 855. There is no public interest in incarcerating for prolonged periods of time individuals the Government "cannot show to be a poor bail risk." *Id*. Moreover, placing the burden of proof on the Government in cases of prolonged detention, such as here, "promotes the Government's interest . . . in minimizing the enormous impact of incarceration in cases where it serves no purpose." *Id.* at 854. Accordingly, all three *Mathews* factors weigh in favor of granting P.M.'s request for a new bond hearing at which the Government will bear the burden of justifying his detention.[9]

### III.     Petitioner Has Been Prejudiced by the Deprivation of Due Process

The Government argues that P.M. cannot show he was prejudiced by the deprivation of a constitutionally-adequate bond hearing because there is "no reason" to believe that the

---

[8]     That the immigration judge held a bond hearing "less than ten days after" P.M. requested the hearing is of no moment. Gov. Opp. at 22. The Government cites no cases, and research has revealed none, holding that promptly granting a bond hearing at which the detainee will bear the burden of proof is sufficient to satisfy the Due Process Clause. *See Banegas*, 2021 WL 1852000, at *1, 4 (granting a new bond hearing although petitioner received a bond hearing fourteen days after petitioner's request); *Quintanilla v. Decker*, No. 21-CV-417, 2021 WL 707062, at *2 (S.D.N.Y. Feb. 22, 2021) (granting a new bond hearing although petitioner received a bond hearing one month after his arrest).

[9]     Because the Court finds that Petitioner's bond hearing violated his due process rights, the Court does not address P.M.'s arguments that the decision to place the burden of proof on him violated the Administrative Procedures Act.

immigration judge would have reached a different conclusion even if the Government had born the burden during the bond hearing. Gov. Opp. at 26. The Court disagrees. While it is true that parties claiming "denial of due process in immigration cases must . . . allege some cognizable prejudice fairly attributable to the challenged process," P.M. has met that burden. *Garcia-Villeda v. Mukasey*, 531 F.3d 141, 149 (2d Cir. 2008) (internal quotation omitted). During the bond hearing, the Government primarily relied on P.M.'s criminal history to argue against release; but, as the IJ acknowledged in a later removal proceeding, none of his convictions is "of such nature that they should be characterized as 'particularly serious.'" IJ Order at 4. The IJ noted that the "underlying facts of [the burglary] conviction do not reveal that [P.M.] was violent against other people, for example, having a weapon." *Id*.

The record, therefore, suggests that if the burden were on the Government and the evidence were the same, the immigration judge may well have found that the Government had not met its burden to establish by clear and convincing evidence that P.M. posed a danger to the community or a risk of flight. *See Brevil v. Jones*, No. 17-CV-1529, 2018 WL 5993731, at *5 (S.D.N.Y. Nov. 14, 2018) (finding prejudice because the court could not discern whether the Government could have met the burden of proof during a § 1226(a) bond hearing when the petitioner only had one "serious" felony conviction that resulted in a term of probation).

## IV.     The Court Will Not Enjoin the Government from Transferring P.M.

Petitioner's request to enjoin the Government from transferring P.M. outside the jurisdiction of the New York ICE Field Office pending the resolution of this case is denied. Pet. at 33. The Court does not have jurisdiction to review the Attorney General's discretionary authority to transfer detainees.[10] *See Salazar v. Dubois*, No. 17-CV-2186, 2017 WL 4045304, at

---

[10]     Petitioner's reliance on *Nken v. Holder*, 556 U.S. 418, 426 (2009), is misplaced. Pet. Reply, Dkt. 24 at 10. That case concerned the All Writs Act, 28 U.S.C. § 1651, which allows federal courts to issue necessary or

*1 (S.D.N.Y. Sept. 11, 2017) ("A court lacks jurisdiction to review decisions of the Attorney General where the authority is derived from subchapter II of Chapter 12 of Title 8."); *Guangzu Zheng v. Decker*, No. 14-CV-4663, 2014 WL 7190993, at *15 (S.D.N.Y. Dec. 12, 2014) (courts lack jurisdiction to enjoin ICE from transferring a detainee).

## CONCLUSION

For the foregoing reasons, P.M.'s petition for a new bond hearing is GRANTED, and P.M's request to enjoin transfer is DENIED.  The Clerk of Court is respectfully directed to terminate the open motion at docket entry 1 and to CLOSE the case.

Within **seven calendar days** of the date of this Order, Respondents must provide Petitioner with an individualized bond hearing at which the Government will bear the burden to demonstrate, by clear and convincing evidence, that Petitioner is a danger to the community or a flight risk.  The immigration judge is directed to meaningfully consider alternatives to incarceration and Petitioner's ability to pay if setting a monetary bond.[11]  Should the Government fail to provide Petitioner with a bond hearing consistent with the foregoing within seven calendar days of this order, the Government must immediately release him.

**SO ORDERED.**

**Date: March 8, 2023**
**New York, New York**

**VALERIE CAPRONI**
**United States District Judge**

---

appropriate writs "in *aid* of [its] jurisdiction," not in *addition* to its jurisdiction.  *Nken*, 556 U.S. at 426 (emphasis added).  In other words, the All Writs Act does not alter the fact that this Court lacks jurisdiction to review the Attorney General's discretionary authority to transfer detainees among facilities.

[11]  Various courts in this District have unanimously held that consideration of alternatives to detention and petitioner's ability to pay is compelled by BIA precedent and the Fifth Amendment.  *See, e.g.*, *Arana v. Decker*, No. 20-CV-4104, 2020 WL 7342833, at *3 (S.D.N.Y. Dec. 14, 2020) ("To the extent that the IJ finds that detention is not required, the IJ must consider [Petitioner's] ability to pay bond and alternative conditions of release when setting a bond."); *Hernandez v. Decker*, No. 18-CV-5026, 2018 WL 3579108, at *12 (S.D.N.Y. July 2018); *Rodriguez Sanchez v. Decker*, 431 F. Supp. 3d 310, 317 (S.D.N.Y. 2019).  Requiring the immigration judge to meaningfully consider alternatives and the petitioner's ability to pay "ensures that detention is not imposed arbitrarily."  *Roman v. Decker*, No. 20-CV-6752, 2020 WL 5743522, at *4 (S.D.N.Y. Sept. 25, 2020).